# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MATT LUIKEN AND JON SANDQUIST, ON BEHALF OF THEMSELVES, ALL OTHERS SIMILARLY SITUATED, AND THE PROPOSED MINNESOTA RULE 23 CLASS<br><br>PLAINTIFFS,<br><br>V.<br><br>DOMINO'S PIZZA LLC,<br><br>DEFENDANT. | CIVIL NO. 09-516 (DWF/AJB)<br><br><br>ORDER OPINION |

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, Plaintiffs' counsel's Motion to Withdraw as Attorney [Docket No. 87] and Supplemental Motion to Withdraw as Attorney [Docket No. 105], and Defendant's Motion to Compel and for Sanctions. [Docket No. 78.] A hearing was held on the motions on November 20, 2009. E. Michelle Drake and Paul Lukas appeared on behalf of Plaintiffs. Juli Ann Lund and Tracey Holmes Donesky appeared on behalf of Defendants.

Both sides submitted memoranda in support of their motions and in response to the opposing side's motion. Defendant also submitted a reply memorandum. [Docket No. 119.] This Court declines to consider that reply memorandum pursuant to the D. Minn. LR 7.1.

For the reasons set forth below, counsel's Motion to Withdraw as Attorney [Docket No. 87] and Supplemental Motion to Withdraw as Attorney [Docket No. 105] are **GRANTED**, and Defendant's Motion to Compel and for Sanction [Docket No. 78] is **GRANTED IN PART** and **DENIED IN PART**.

1

# I. BACKGROUND

Plaintiffs allege in their Amended Complaint as follow: They were delivery drivers for the Defendant Dominoes Pizza LLC between 2006 and the filing of the Complaint. (First Amended Complaint ¶ 8-15, Nov. 3, 2009.) Defendant paid all pizza delivery drivers an hourly rate equal to the greater of the prevailing Federal or State minimum wage. (*Id.* at ¶ 25.) In addition to their hourly rate, Plaintiffs were paid a set amount for each delivery trip pursuant to Defendant's "Tiered Reimbursement Program" (TRP). (*Id.* at ¶ 28.) The TRP provided that the amount Plaintiffs were paid per trip varied depending on the number of delivery stops made during the trip, with Plaintiffs receiving a set amount for the first stop, a lesser set amount for the second stop, and no amount for any stops beyond two. (*Id.* at ¶ 29.) Plaintiffs further contend that "the [TRP] has always been based on a nationwide mathematical formula which involves calculations based on assumptions about drivers' fuel economy, maintenance, operating and fixed costs." (*Id.* at ¶ 31.)

Plaintiffs' claims are premised upon their contention that the TRP does not accurately reflect the expenses that Plaintiffs actually incurred while working for Defendant. In asserting their claims, Plaintiffs allege examples such as: "during the pay period ending on November 16, 2008, Plaintiff Luiken incurred a $795.69 expense for repairing a turn signal; however, received only $82.85 in reimbursement for that pay period." (*Id.* at ¶ 46.) Plaintiffs contend that there is a discrepancy between actual expenses and unreimbursed expenses, and when this discrepancy is subtracted from Plaintiffs' hourly wage it reduces Plaintiffs' hourly wage to below the applicable minimum wage in violation of the federal Fair Labor Standards Act (FLSA), and the Minnesota Fair Labor Standards Act (MFLSA). (*Id.* at ¶¶ 66-94.)

Shortly after the Complaint was filed on March 4, 2009, Plaintiffs began filing opt-in consent forms for its claim under the FLSA. [Docket Nos. 4-7, 10-11, 17-21, 23-25, 32, 41, 43-44, 54, 82, 101.] On April 24, 2009, Defendant moved to dismiss [Docket No. 14], but prior to the arguments on the Defendant's dispositive motion, discovery was served by the Plaintiffs. The parties disputed whether outstanding discovery requests should be responded to, or whether discovery should be stayed pending a decision on Defendant's motion to dismiss.[1] (Pretrial Scheduling Order 1, July 24, 2009.) A Pretrial Scheduling Order was issued on July 24, 2009, to set a schedule for litigation in this matter and resolve the dispute between the parties concerning discovery. [Docket No. 51.]

Plaintiffs' pleadings include collective action allegations under 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23. As such, this Court's Order from July 24, 2009, bifurcated discovery into two phases: The first phase of discovery would address the issue of certification of the class under section 216(b) and Rule 23. [Docket No. 51] The second phase of discovery would address the merits of the claims. [Docket No. 51.] While the deadlines prescribed by this Order were subsequently extended, the purpose of first phase of discovery did not change. [Docket Nos. 58, 71.]

As part of the first phase of discovery, Defendant sought: (1) to depose Crystal Cox, Crystal Sewell, Brian Dougherty, Anthony Cox, and Aaron Wojcik; (2) interrogatories from Anthony Cox, Crystal Cox, Jason Kafader, Gregory Kopicko, Jr., and Aaron Wojcik; and (3) document production regarding plaintiffs' vehicle and vehicle costs, electronic communications and postings regarding pizza delivery or Dominoes, and tax regards. (Def.'s Mem. 4-11, Nov. 6,

---

[1] The motion to dismiss was subsequently granted in part and denied in part. [Docket No. 52.] Following the order on the motion to dismiss, the Amended Complaint was filed. [Docket No. 85.]

2009.) Defendant brought the present motion to compel, alleging that some of the Plaintiffs have refused to participate in discovery. (*Id.* at 11.)

After warning certain opt-in Plaintiffs of their intent to do so, counsel for Plaintiffs brought their Motion to Withdraw as Attorney [Docket No. 87] and Supplemental Motion to Withdraw as Attorney [Docket No. 105], requesting to discontinue representation of eight opt-in Plaintiffs who are no longer communicating with counsel.

## II.  DISCUSSION

### a.  Counsel's Motion to Withdraw as Attorney [Docket No. 87] and Supplemental Motion to Withdraw as Attorney [Docket No. 105]

Plaintiff's counsel, through their Motion to Withdraw as Attorney [Docket No. 87], request leave of the Court to withdraw, without substitution, as counsel for the following opt in Plaintiffs: Crystal Sewell, Crystal Cox, Anthony Cox, Brian Dougherty, Gregory Kopicko, and Aaron Wojcik. (Pls.' Mem. 1, Nov. 6, 2009.) Through their Supplemental Motion to Withdraw as Attorney [Docket No. 105], counsel request leave of the Court to withdraw, without substitution, as counsel for opt-in Plaintiffs Andrew Kuester and Jason Kafader. (Pls.' Mem. 1, Nov. 13, 2009.) Counsel contends that these opt-in Plaintiffs have been "unresponsive to counsel's numerous attempts to engage in communications necessary to continue pursuit of [the] claims in this lawsuit." (Pls.' Mem. 1-2, Nov. 13, 2009.) Counsel further notes that the opt-in Plaintiffs in many instances have failed to comply with discovery.

Defendant does not contest the motions to withdraw directly. Rather Defendant contends that it would serve the administration of the present case to defer ruling upon the motions to withdraw until after this Court rules upon the Defendants' Motion to Compel. (Def.'s Mem. 3-6, Nov. 13, 2009.) This Court rejects Defendant's argument. If Plaintiffs' counsels have met their burden to withdraw, this Court discerns no utility in delaying its Order.

Local Rule 83.7(a) provides that an attorney "may be permitted to withdraw from representation as counsel of record only by order of Court." "Withdrawal without substitution may be granted only by a motion made before the Court, for good cause shown. Notice of the motion shall be provided to the client, and the motion shall be scheduled in accordance with LR 7.1. *Id.* at 83.7(c).

In October and early November 2009, counsel sent letters to Andrew Kuester, Jason Kafader, Crystal Sewell, Crystal Cox, Anthony Cox, Brian Dougherty, Gregory Kopicko, and Aaron Wojcik. These letters informed these opt-in Plaintiffs of counsel's intent to withdraw as counsel. On November 6, 2009, and November 13, 2009, counsel sent a copy of the filed Notice of Motions for the instant motions to withdraw to Andrew Kuester, Jason Kafader, Crystal Sewell, Crystal Cox, Anthony Cox, Brian Dougherty, Gregory Kopicko, and Aaron Wojcik. (Aff. Prakash ¶ 17, Nov. 6, 2009; Aff. Prakash ¶ 10, Nov. 13, 2009.) There was a hearing on counsels' motions on November 20, 2009. [Docket No. 116.]

In the present case, counsel has documented a complete breakdown in the attorney-client relationship for Andrew Kuester, Jason Kafader, Crystal Sewell, Crystal Cox, Anthony Cox, Brian Dougherty, Gregory Kopicko, and Aaron Wojcik. Counsel attempted to contact these opt-in Plaintiffs numerous times by telephone, U.S. mail, and, in some cases, E-mail. (Aff. Prakash, Nov. 6, 2009; Aff. Prakash, Nov. 13, 2009.) These attempts at communication have been frequent and have occurred over months. (*Id.*) While there was early communication or sporadic communication with these opt-in Plaintiffs, all recent attempts to communicate have failed. (*Id.*) Finally, these opt-in Plaintiffs were warned twice of counsel's intent to withdraw from representation. (*Id.*) None of these opt-in Plaintiffs contacted counsel after receiving these warnings.

The evidence presented amounts to a showing that the attorney-client relationship with the aforementioned opt-in Plaintiffs has ended. The Minnesota Rules of Professional Conduct govern the conduct of attorneys practicing in this District. *See* D. Minn. LR 83.6(d). Minn. R. Prof. Conduct 1.16(b)(5) permits a lawyer to withdraw from representation if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." The evidence supports that Andrew Kuester, Jason Kafader, Crystal Sewell, Crystal Cox, Anthony Cox, Brian Dougherty, Gregory Kopicko, and Aaron Wojcik are no longer communicating with counsel and received warnings that counsel intended to withdraw from representation. Moreover, the record supports that these opt-in Plaintiffs are choosing to not communicate with counsel, which evinces that they no longer want to be represented by named counsel. Therefore, this Court concludes counsel has shown good cause for their motion and this Court grants counsel's Motion to Withdraw as Attorney [Docket No. 87] and Supplemental Motion to Withdraw as Attorney [Docket No. 105],

### b. Defendant's Motion to Compel and for Sanctions. [Docket No. 78.]

Defendant contends that Plaintiffs' response to discovery has been "woefully deficient." (Def.'s Mem. 2, Nov. 6, 2009.) Defendant requests that this Court order that Plaintiffs comply with discovery by participating in depositions, answering interrogatories, and responding to document requests. (*Id.* at 3.) Defendant also requests sanctions and reasonable fees associated with its motion. (*Id.*)

Prior to addressing the alleged deficiencies, this Court must address the scope of discovery. This case proceeded in an atypical fashion. Plaintiffs brought claims under the FLSA and MFLSA. Plaintiffs seek to pursue a collective action under each claim. The FLSA has its

6

own provisions for governing collective actions whereas the claims brought pursuant to MFLSA are governed by Fed. R. Civ. P. 23. The pretrial scheduling order and the amended pretrial scheduling order only cite and discuss "conditional certification." Based upon the memoranda, it appears that the parties interpreted this Court's order to only pertain to conditional certification under section 216(b) of the FLSA. (Pls.' Mem. 7, Nov. 13, 2009.) Therefore, the parties have limited phase one discovery to the FLSA claims. Thus, for the purpose of this Order, discovery requests must be relevant to the question: Are the putative class members "similarly situated," 29 U.S.C. § 216(b), or is there a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan?[2] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d

---

[2] The FLSA permits an employee to sue "in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). The FLSA neither defines the term "similarly situated" nor have the parties pointed to any Eighth Circuit Court of Appeals case construing the term. Thus, the Court performs a two-step process to determine whether a case should be certified under the FLSA:

> First, the court determines whether the class should be conditionally certified for notification and discovery purposes. At this stage, the plaintiffs need only establish a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan. In the second stage, which occurs after discovery is completed, the court conducts an inquiry into several factors, including the extent and consequences of disparate factual and employment settings of the individual plaintiffs, the various defenses available to the defendant that appear to be individual to each plaintiff, and other fairness and procedural considerations.

*Burch v. Qwest Communications Intern., Inc.*, 500 F.Supp.2d 1181, 1186 (D. Minn. 2007) (quoting *Dege v. Hutchinson Tech., Inc.*, Civil No. 06-3754 (DWF/RLE), 2007 WL 586787, at *1 (D. Minn. Feb.22, 2007)). This procedure is well-established within this district. *Brennan v. Qwest Communications Intern., Inc.*, Civil No. 07-2024 (ADM/JSM), 2009 WL 1586721, *2 (D. Minn., June 4, 2009) (stating "courts in this circuit, including the District of Minnesota, have typically approached the issue of whether plaintiffs are similarly situated through a two-stage process"); *Keef v. M.A. Mortenson Co.*, No. 07-CV-3915 (JMR/FLN), 2009 WL 465030, *1 (D. Minn. 2009) (stating "courts have typically attempted to determine whether employees are § 216(b) 'similarly situated' by using a two-stage process"); *see also Ahle v. Veracity Research Co.*, Civil No. 09-42 (ADM/RLE), 2009 WL 3103852, at *3 (D. Minn., Sept. 23, 2009)

1095, 1102 (10th Cir. 2001); *see Nerland v. Caribou Coffee Co., Inc.,* 564 F. Supp.2d 1010, 1017 *(D. Minn. 2007)* (citing *Thiessen*, 267 F.3d at 1102-03).

Unless amended at the second pretrial scheduling conference, at the close of the second phase of discovery, the Court will conduct a fact-intensive inquiry of several factors, including: (1) the extent and consequence of disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Thiessen*, 267 F.3d at 1102-03. At the close of the second phase of discovery the Court will also consider the class certification under Fed. R. Civ. P. 23.

### i. Depositions

Crystal Sewell, Crystal Cox, Anthony Cox, Brian Dougherty, and Aaron Wojcik have been out of contact with counsel for Plaintiffs. *Supra* II(a). As a result, Defendants have been unable to depose these individuals. (Def.'s Mem. 4-7, Nov. 6, 2009.) In the case of Brian Dougherty, there was a deposition scheduled, but Mr. Dougherty failed to appear for the deposition. (*Id.* at 5-6.) Defendant requests an order compelling Crystal Sewell, Crystal Cox, Anthony Cox, Brian Dougherty, and Aaron Wojcik to comply with phase one discovery. (*Id.* at 7.) Defendant further requests that the order stipulate that failure to comply with discovery requests will result in dismissal of the actions. Plaintiffs' counsel is not in the position to respond to this request. (Pls.' Mem. 6, Nov. 13, 2009.)

This Court concludes that information known by Plaintiffs Crystal Sewell, Crystal Cox, Anthony Cox, Brian Dougherty, and Aaron Wojcik is relevant to the present case and reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Therefore,

---

(applying two-stage process); *Loomis v. CUSA LLC*, 257 F.R.D. 674, 676 (D. Minn. 2009) (applying two-stage process).

this Court grants Defendant's motion to the extent that it orders that Plaintiffs Crystal Sewell, Crystal Cox, Anthony Cox, Brian Dougherty, and Aaron Wojcik must comply with any subpoenas in accordance with the Federal Rules of Civil Procedure. This Court notes that dismissal is a possible sanction for failure to comply with discovery. Fed. R. Civ. P. 37(b)(2)(A). This Court denies Defendant's motion as it pertains to depositions in all other respects.

      **ii. Interrogatories**

Defendant served Anthony Cox, Crystal Cox, Jason Kafader, Gregory Kopicko, Jr., and Aaron Wojcik with interrogatories in July and August 2009. (Def.'s Mem. 7, Nov. 6, 2009.) To date, Defendants have not received responses. (*Id.*) This Court grants Defendants motion to the extent that it orders that on or before December 18, 2009, Plaintiffs Anthony Cox, Crystal Cox, Jason Kafader, Gregory Kopicko, Jr., and Aaron Wojcik must respond to Defendants interrogatories in accordance with the Federal Rules of Civil Procedure. This Court notes that dismissal is a possible sanction for failure to comply with discovery. Fed. R. Civ. P. 37(b)(2)(C). This Court denies Defendant's motion as it pertains to interrogatories in all other respects.

      **iii. Document Requests**

*Vehicle and Vehicle Costs*

Defendant contends that Plaintiffs have neither searched for nor disclosed documents responsive to Document Requests Nos. 17 and 19 through 27. (Def.'s Mem. 8, Nov. 6, 2009.) Document Requests Nos. 17 and 19 through 27 request documents related to the ownership and expenses of Plaintiffs' vehicles that were used for delivery purposes. (Def.'s Mem. 8, Nov. 6, 2009.)

9

Plaintiffs contend that it is their intent to show that "Defendant's reimbursement formula was so unrealistic that it could not possibly have reimbursed drivers for the expenses of they incurred on Defendant's behalf." (Pl.'s Mem. 8, Nov. 13, 2009.) Therefore, Plaintiffs contend, documents related to the specific expenses of each Plaintiff are irrelevant to class certification and are only relevant to determination of damages. (*Id.*)

This Court agrees with Plaintiffs in part. The first phase of discovery was limited to the issue of conditional certification. Document Request No. 17, which pertains to ownership and registration papers for the Plaintiffs' delivery vehicles, requests documents that go to the issue of whether Plaintiffs were victims of a single decision, policy, or plan. They could not have been part of the TRP unless they had access to vehicles, which they used for their employment. Although Plaintiffs contend that Defendant already has this information, this Court concludes that Document Request No. 17 may produce documents reasonably calculated to yield relevant evidence on this issue. But, this Court concludes that Defendant's Document Requests Nos. 19 through 27 are overbroad in that they seek documents not relevant to the issue of conditional certification.

Thus, this Court grants Defendant's motion to compel as pertains to Document Request No. 17 (ownership and registration papers) and orders that on or before December 18, 2009, all Plaintiffs served with Document Request No. 17 shall produce nonprivileged information responsive to Defendant's request unless they have already done so. This Court denies Defendant's motion to compel as it pertains to Document Requests Nos. 19 through 27.

*Electronic Communications or Postings*

Defendant's Document Requests Nos. 14 and 15 pertain to Plaintiffs' electronic communications and internet posts pertaining to their employment with Defendant. (Def.'s Mem.

10

9-10, Nov. 6, 2009.) Defendant requests an order compelling Plaintiffs to produce documents responsive to Document Requests Nos. 14 and 15. (*Id.*) Similar to Document Requests Nos. 19 through 27, this Court concludes that Defendant's Document Requests Nos. 14 and 15 are overbroad in that they seek documents not relevant to the issue of conditional certification. Thus, this Court denies Defendant's motion to compel as it pertains to Document Requests Nos. 14 and 15.

*Income Tax Records*

Defendant's Document Request No. 29 request Plaintiffs' tax records. (Def.'s Mem. 22-24, Nov. 6, 2009.) Because Defendant's have not offered an argument as to how the income tax records are relevant to whether Plaintiffs were the victims of a single decision, policy, or plan, this Court concludes that Defendant's Document Request No. 29 is overbroad as it seeks documents not relevant to the issue of conditional certification. Thus, this Court denies Defendant's motion to compel as it pertains to Document Request No. 29.

### iv. Expenses & Attorneys Fees

This Court denies Defendant's motion as it pertains to costs and attorney fees related to bringing its motion. *See* Fed. R. Civ. P. 37(a)(5)(C) (stating that apportionment of expenses are permissive where the Court grants a motion in part and denies a motion in part).

This Court denies Defendant's motion as it pertains to Defendant's request for expenses with respect to Mr. Dougherty's failure to attend his deposition. While Mr. Dougherty failed to attend a noticed deposition, this Court concludes that ordering reasonable expenses would be "unjust" in the present circumstances. Fed. R. Civ. P. 37(d)(3). First, Mr. Dougherty has been out of contact with Plaintiffs' counsel and as a result, they were not in a position to perfect his

appearance. Second, this Court concludes that ordering Mr. Dougherty, who was a Domino's Pizza delivery person, to pay reasonable expenses would be a disproportionately severe sanction.

### III. ORDER

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. Counsel's Motion to Withdraw as Attorney [Docket No. 87] and Supplemental Motion to Withdraw as Attorney [Docket No. 105] are **GRANTED**.

2. Defendant's Motion to Compel and for Sanctions [Docket No. 78] is **GRANTED IN PART** and **DENIED IN PART**, and orders as follows:

    a. Plaintiffs Crystal Sewell, Crystal Cox, Anthony Cox, Brian Dougherty, and Aaron Wojcik must comply with any subpoenas in accordance with the Federal Rules of Civil Procedure.

    b. On or before December 18, 2009, Plaintiffs Anthony Cox, Crystal Cox, Jason Kafader, Gregory Kopicko, Jr., and Aaron Wojcik must respond to Defendant's interrogatories in accordance with the Federal Rules of Civil Procedure.

    c. On or before December 18, 2009, all Plaintiffs served with Document Request No. 17 shall produce nonprivileged information responsive to Defendant's Document Request No. 17 unless they have already done so.

    d. This Court denies Defendant's motion to compel and for sanctions in all other respects.

Dated: 12/2/09

                                                    s/ Arthur J. Boylan
Magistrate Judge Arthur J. Boylan
United States District Court