# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Matt Luiken and Jon Sandquist,
on behalf of themselves, all others similarly
situated, and the Proposed Minnesota
Rule 23 Class,

Civil No. 09-516 (DWF/AJB)

Plaintiffs,

v.

## MEMORANDUM
## OPINION AND ORDER

Domino's Pizza, LLC,

Defendant.

---

E. Michelle Drake, Esq., Paul J. Lukas, Esq., Anna P. Prakash, Esq., and Jodi L. Collova, Esq., Nichols Kaster, PLLP; and Richard M. Paul, III, Esq., Stueve Siegel Hanson LLP, counsel for Plaintiffs.

Juli Ann Lund, Esq., Philip A. Sechler, Esq., and David S. Kurtzer-Ellenbogen, Esq., Williams & Connolly LLP; and Tracey Holmes Donesky, Esq., Leonard, Street and Deinard, PA, counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court on a Motion For Conditional Class Certification and Judicial Notice brought by Plaintiffs Matt Luiken and Jon Sandquist, on behalf of themselves, all others similarly situated, and the Proposed Minnesota Rule 23 Class (collectively, "Plaintiffs"). Plaintiffs request that the Court conditionally certify a class pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, consisting of all individuals who have worked as delivery drivers for Defendant Domino's Pizza, LLC

("Domino's") in any state except New York and California from March 4, 2006 to the present. For the reasons set forth below, Plaintiffs' motion is granted.

## BACKGROUND

The general facts related to this matter are fully set forth in the Court's Order dated August 3, 2009 and are herein incorporated by reference. (Doc. No. 52.) Here, Plaintiffs seek conditional certification of a class and judicial notice pursuant to the FLSA. Specifically, Plaintiffs seek to conditionally certify the following class:

> All pizza delivery drivers employed by Domino's in any state except
> New York and California from March 4, 2006 to the present.

(Pls.' Mem. in Supp. of Mot. for Conditional Class Certification and Judicial Notice ("Pls.' Mem.") 1.)

Domino's opposes Plaintiffs' motion. Domino's contends that conditional class is not appropriate because the members of the proposed conditional class are not "similarly situated" under the FLSA. Domino's specifically contends that the different circumstances of purported class members require highly individualized fact-specific determinations taking into account driver-specific factors such as type of car, routes, and total mileage. Domino's also argues that its reimbursements vary by geographic region. As a result, Domino's asserts that any claims of the members of the proposed class cannot be decided collectively.

## DISCUSSION

The FLSA requires that employers pay employees the minimum wage "free and clear" of obligations to the employer. 29 C.F.R. § 531.35. The FLSA provides that an

action may be maintained "by any . . . employee[ ] for and in behalf of himself . . . and other employees similarly situated" to recover damages for the failure to pay minimum wage. 29 U.S.C. § 216(b). Such an action is known as a "collective action." *See, e.g., Smith v. Heartland Auto. Servs., Inc.*, 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005). Plaintiffs allege that they, and other similarly situated Domino's delivery drivers, have not been adequately reimbursed for delivery expenses and therefore have been paid less than the federal minimum wage.

## I.      Conditional Class Certification

Plaintiffs presently seek conditional class certification pursuant to the FLSA. The relevant statute provides:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). The Court performs a two-step process to determine whether a case should be certified under the FLSA:

> First, the Court determines whether the class should be conditionally certified for notification and discovery purposes. At this stage, plaintiffs need only establish a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan. In the second stage, which occurs after discovery is completed, the court conducts an inquiry into several factors, including the extent and consequences of disparate factual and employment settings of the individual plaintiffs, the various defenses available to the defendant that appear to be individual to each plaintiff, and other fairness and procedural considerations.

*Dege v. Hutchinson Tech., Inc.*, Civil No. 06-3754 (DWF/RLE), 2007 WL 586787, at *1 (D. Minn. Feb. 22, 2007) (citations omitted).

Here, the parties do not dispute that this case is at the first stage of the two-step process. Thus, the Court only must determine whether Plaintiffs have come forward with evidence establishing a colorable basis that the putative class members are the victims of a single decision, policy, or plan. *Frank v. Gold'n Plump Poultry, Inc.*, Civil No. 04-1018 (JNE/RLE), 2005 WL 2240336, at *2 (D. Minn. Sept. 14, 2005). The court need not make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties at this initial stage. *Id.* at *3, n.2.

Plaintiffs assert that they are "victims of a single policy which systemically under-reimbursed them for automobile expenses incurred in the course of their employment" by Domino's and, as a result, were paid below the federal minimum wage. (Pls.' Mem. 1.) Plaintiffs assert that the members of the proposed class are similarly situated because Domino's reimbursed according to a common policy. Put another way, Plaintiffs argue that the assumptions[1] Defendants made in determining reimbursement rates were uniformly unfair. Plaintiffs argue that any regional variations are minor adjustments resulting from simple mathematical variations on a single formula. Plaintiffs characterize even Domino's "exceptions" as permutations on the common formula which multiplies a per mile reimbursement rate by a mileage number. Plaintiffs argue that Domino's "policy is so grossly unfavorable to drivers that it ensured that none of its

---

[1] For example, Plaintiffs take issue with Domino's assumptions regarding the type of car driven, average mileage driven per year, fuel economy, and maintenance costs.

drivers were fully reimbursed for their expenses, obviating the need for individual inquiry into any particular drivers' actual expenses."[2]  (Pls.' Mem. 17.)

In response, Domino's contends that the action is not proper for class certification because the drivers are not sufficiently similar to each other.[3]  For example, Domino's argues that different drivers face different actual expenses,[4] and it is therefore not possible to adjudicate their claims on a class-wide basis.  Domino's also asserts that reimbursement varies by region and that individual store managers have authority to vary their store's reimbursement and to request permission to be "exception" stores. Domino's further argues that differences in class members' base wages weigh against certification.[5]

The Court finds that Plaintiffs have met their burden for purposes of conditional class certification and notice at this initial stage of the proceedings.  The certification

---

[2]  Plaintiffs have argued that they could prove their case in one of three ways:  (1) Domino's reimbursement falls below the IRS mileage rate; (2) drivers' actual expenses exceed reimbursement amounts; and (3) reimbursement amounts are unreasonable. Plaintiffs have not cited law that requires employers to reimburse at the IRS mileage rate, and it remains to be seen whether the Plaintiffs have the ability to prove drivers' actual expenses and/ or whether it is otherwise practical to do so.

[3]  Domino's also takes issue with the fact that Sandquist is employed at the law firm representing Plaintiffs, Nichols Kaster, PLLP.  (Defendant's Opp'n Mem. 10, 42-43.)

[4]  Domino's also argues that collective adjudication is inappropriate because Plaintiffs fail to demonstrate that actual expenses for even a single driver exceeded Domino's reimbursement amount.

[5]  Domino's argues that some drivers make more than federal minimum wage. Plaintiffs acknowledge that subclasses may be appropriate after further discovery because of drivers' different hourly rates.

standard at this initial stage is low.  Plaintiffs have submitted twelve affidavits from drivers at Domino's locations in four different states asserting the same reimbursement practices.  (Pls.' Mem. 5; Mot. Conditional Class Certification Hr'g Tr. 81:9-11.)  Each plaintiff has asserted that he or she was compensated for deliveries at a flat-rate on a per-delivery basis and is owed compensation by Domino's.  Considering Plaintiffs' minimal burden at this stage of the proceedings, the Court finds that this evidence is sufficient to establish a colorable basis for Plaintiffs' claims.  At this initial stage, conditional certification is appropriate.

## II.    Judicial Notice

"[D]istrict courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs."  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  "Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time."  *Id*. at 171.  The court explained:

> By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.  Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed.  This procedure may avoid the need to cancel consents obtained in an improper manner.

*Id.* at 172.  "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action."  *Id.*

The Court exercises its discretion to facilitate notice in this case. Court-approved notice will help to prevent the expiration of claims based on the running of the statute of limitations. Judicial notice will also promote judicial economy by minimizing the proliferation of individual lawsuits. Also, it would be difficult for Plaintiffs to rely on word of mouth or Plaintiffs' counsel's independent efforts to provide a fair method of providing timely, adequate notice of the lawsuit given the large size and geographic scope of this putative class.

Domino's asks that, if the Court certifies the proposed Class, it adopt its proposed changes to Plaintiffs' proposed notice. In their Reply, Plaintiffs agreed to most of Domino's proposed changes. However, Plaintiffs oppose Domino's changes to the retaliation language and language designating Luiken and Sandquist as class representatives. At oral argument, Plaintiffs' counsel explained that the language regarding the class representatives' ability to act on behalf of the class is simply inaccurate. Domino's asserts that it cannot presently propose revisions to the "COMPOSITION OF THE COLLECTIVE" section of the notice. The Court respectfully requests that the parties submit a joint proposed judicial notice for the Court's approval in light of this order and Plaintiffs' counsel's representations at oral argument within 15 days of this Order. If the parties cannot agree on a joint proposed judicial notice, the Court requests that the parties submit proposed notices along with a short letter brief (no more than three pages per side) regarding the parties' disputed portions of the notice within 15 days of this Order.

## III. Production of List of Employees

Plaintiffs request that the Court enter an Order requiring Domino's to produce a list of all persons employed by Domino's in any state except New York and California as delivery drivers from March 4, 2006 to the present, with their first and last names, last known addresses, telephone numbers, dates of employment, location of employment, employee number, and last four digits of their social security number. Domino's objects to this request and argues that information beyond the names and addresses of the class members is unnecessary and may infringe upon the class members' privacy rights. The Court grants Plaintiffs' request for the names and last known addresses, but directs the parties to meet and confer regarding the additional request for discovery about potential class members. The Court directs the parties to balance potential privacy issues, the parties' access to and need for the information, and delay and cost of different methods of contact. If the parties cannot agree to the scope of discovery, they should inform the Court of their disagreement within 15 days of this order. In addition to the protections from any Protective Orders filed in the case, the Plaintiffs shall not disclose the information related to each potential class member to any third party absent further order of the Court.

Plaintiffs also request permission to post the notice on their counsel's website. Domino's has not objected to this request, so the Court grants Plaintiffs' request.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion For Conditional Class Certification and Judicial Notice (Doc. No. 139) is **GRANTED** as follows:

a.     Defendant is ordered to provide Plaintiffs' counsel with a list of all individuals employed at Domino's in any state except New York and California as delivery drivers since March 4, 2006; this list shall include names and addresses.  Defendant is ordered to provide this list within 30 days of the date of this Order.  The Court directs the parties to meet and confer regarding the additional request for discovery about potential class members.  If the parties cannot agree to the scope of discovery, they should inform the Court of their disagreement within 15 days of this order.  The Plaintiffs shall not disclose the information related to each potential class member to any third party absent further order of the Court.

b.     The parties are directed to submit proposed joint Judicial Notice, as described in this order for the Court's approval within 15 days of this Order.  If the parties cannot agree on a joint proposed judicial notice, the parties should submit proposed notices along with a short letter brief (no more than three pages per side) within 15 days of this Order.


Dated:  June 21, 2010                           s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge