UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Matt Luiken and Jon Sundquist,            Civil No. 09-516 (DWF/AJB)
on behalf of themselves, all others
similarly situated, and the Proposed
Minnesota Rule 23 Class,

           Plaintiffs,

v.                                            **ORDER AND MEMORANDUM**

Domino's Pizza LLC,

           Defendant.

---

E. Michelle Drake, Esq., Paul J. Lukas, Esq., Anna P. Prakash, Esq., Matthew C. Helland, Esq., and Matthew H. Morgan, Esq., Nichols Kaster, PLLP; and Richard M. Paul, III, Esq., Stueve Siegel Hanson LLP, counsel for Plaintiffs.

Juli Ann Lund, Esq., Philip A. Sechler, Esq., and David S. Kurtzer-Ellenbogen, Esq., Williams & Connolly LLP; and Tracey Holmes Donesky, Esq., and Calvin P. Hoffman, Esq., Leonard, Street and Deinard, PA, counsel for Defendant.

---

This matter is before the Court upon Defendant Domino's Pizza LLC's ("Defendant") appeal of Chief Magistrate Judge Arthur J. Boylan's September 10, 2010 Pretrial Scheduling Order. Plaintiffs oppose Defendant's appeal and have filed a response to Defendant's objections. (Doc. No. [278].) The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions,*

*Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court denies Defendant's appeal and affirms Chief Magistrate Judge Boylan's September 10, 2010 Pretrial Scheduling Order as modified.

The Court finds that Chief Magistrate Judge Boylan's September 10, 2010 Pretrial Scheduling Order is neither clearly erroneous nor contrary to law as modified.

Accordingly, **IT IS HEREBY ORDERED** that:

1. **Questionnaire**

Defendant's appeal on the issue of the questionnaire, specifically including questions relating to maintenance and title on the Plaintiff's questionnaire is **DENIED**. Consequently, Chief Magistrate Judge Arthur J. Boylan's September 10, 2010 Pretrial Scheduling Order (Doc. No. [252]) on the issue of the questionnaire is **AFFIRMED** in all respects.

2. **Depositions**

Chief Magistrate Judge Arthur J. Boylan's September 10, 2010 Pretrial Scheduling Order (Doc. No. [252]) with respect to proposing a total of 30 opt-in plaintiffs who shall have been randomly selected pursuant to the parameters set forth in his Pretrial Scheduling Order is **AFFIRMED, AS MODIFIED**, as follows:

      a.      In addition to the 30 opt-in plaintiffs who shall be randomly selected pursuant to the parameters of Chief Magistrate Judge Boylan's September 10, 2010 Pretrial Scheduling Order, the Defendant shall be entitled to depose an additional 10 plaintiffs whom they shall have the right to individually select.

    3.      The attached Memorandum is made a part hereof.

Dated: December 30, 2010      s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge

**MEMORANDUM**

Defendant on the one hand asserts that the Conditional Class is inappropriate because the class members are not only not similarly situated, but different circumstances of different class members require highly individualized fact specific determinations, taking into account driver specific factors such type of car, car routes, and total mileage. Conversely, Plaintiffs assert that the members of the class are similarly situated because Domino's reimbursed according to a common policy. Or, as the Court noted in its Order of June 21, 2010, (Doc. No. 177), Plaintiffs assert that the assumptions that Defendant made in determining reimbursement rates were uniformly unfair. Those assumptions that the Plaintiffs take issue with include type of car driven, average mileage driven per year, fuel economy, and maintenance costs. Contrary to the position of the Defendant, the

Court concludes, as Chief Magistrate Judge Boylan did, that the additional individualized inquiries, in addition to being unduly burdensome, are therefore contrary to Rule 26(b)(2)(C)(iii).  Perhaps more significantly, the Court concludes that the information sought is not relevant to the parties' claims or defenses.  For these reasons, the Court has denied the appeal on this issue and affirmed the September 10, 2010 Pretrial Scheduling Order.

The Court approves and has affirmed the random selection of 30 cases, consistent with the parameters established by Chief Magistrate Judge Boylan's September 10, 2010 Pretrial Scheduling Order.  In addition, the Court will permit an additional 10 depositions individually selected by the Defendant.  In the Court's view, the issue is not whether 30 depositions versus 40 or 40 depositions versus 60, for example, whether individually selected or randomly selected, are statistically significant.  Rather, the issue is whether the randomly selected depositions are representative of the proposed class that has been conditionally certified.  The Court concludes that by permitting the additional 10 depositions individually selected, it will give a mode of comparison, not only for the parties, but for the Court, to evaluate whether the randomly selected 30 depositions are truly representative of the opt-in plaintiffs.  The Court did consider whether permitting these additional depositions would be unduly burdensome to the parties, but concludes that the additional 10 will permit the parties to evaluate whether the depositions taken of the opt-in plaintiffs are truly representative.  In the event–unlikely or otherwise–that either Plaintiffs or Defendant assert that the additional depositions are not being taken or

otherwise pursued in good faith or to utilize the phrase of the Plaintiffs–"cherry picked"–the Court reserves the right to award attorney fees either with respect to the Plaintiffs or the Defendant.

For the reasons stated, the Court has affirmed, as modified, Chief Magistrate Judge Boylan's September 10, 2010 Pretrial Scheduling Order.

D.W.F.